IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JESSE CHRISTOPHER CORDOVA,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE<br><br><br><br><br><br>Civil Case No. 2:10-CV-671 TS<br><br>Criminal Case No. 2:06-CR-807 TS |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion").[1] Petitioner is proceeding *pro se* in this matter. Having considered the pleadings and the record before it, the Court finds that all of Petitioner's arguments, and their underlying bases, do not establish appropriate grounds upon which to justify relief under § 2255. Based upon the reasons set forth more fully below, the Court will deny the § 2255 Motion and dismiss this case.

---

[1]Case No. 2:10-CV-671 TS, Docket No. 1.

1

I.  BACKGROUND

Petitioner was charged, in a two-count Indictment, with being a felon in possession of a firearm and ammunition.  Petitioner proceeded to trial on the charges against him on July 16, 2007.  Petitioner was convicted by a jury on both counts.  On March 19, 2008, Petitioner was sentenced to 130 months custody with the Bureau of Prisons.

Petitioner timely appealed his conviction.  On appeal, Petitioner argued:

> (1) that the evidence obtained from the warrantless search of his car and home should be suppressed because his parole agreement allowing the search was not in effect and, in the alternative, because police lacked reasonable suspicion; (2) that statements made during his custodial interrogation should be suppressed because they were obtained in violation of his due process rights and his Sixth Amendment right to counsel; and (3) that the introduction of a prosecution witness without reasonable notice violated his Sixth Amendment Confrontation Clause rights.[2]

The Tenth Circuit Court of Appeals rejected Petitioner's arguments and affirmed his conviction.  Petitioner filed a petition for a writ of certiorari with the United States Supreme Court.  The Petition was denied on December 7, 2009.  Petitioner timely filed his § 2255 Motion on July 16, 2010.

II.  DISCUSSION

Petitioner's Motion raises the following grounds: (1) trial counsel coerced him into signing the joint stipulation regarding interstate commerce; (2) his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; (3) his conviction was obtained by a jury that was unconstitutionally selected and impaneled; (4) ineffective assistance

---

[2]*United States v. Cordova*, 340 Fed. Appx. 427, 428-29 (10th Cir. 2009).

of counsel; (5) evidence his attorney submitted about his ex-girlfriend was not used; (6) possession of a firearm and ammunition constitutes a single offense; (7) an ATF agent lied at trial; (8) the prosecutor called Petitioner a liar at trial; (9) the sentencing guidelines were improper; and (10) the Indictment was based on hearsay.[3]

A.     PROCEDURAL BAR

The government argues that the majority of Petitioner's claims are procedurally barred. The Court agrees. Those claims fall into two categories: (1) claims previously raised on direct appeal; and (2) claims that could have been brought on direct appeal.

*1.     Claims Raised on Direct Appeal*

"An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. § 2255. However, a motion under Section 2255 may be proper when there has been an intervening change in the law of a circuit."[4]

Petitioner's Motion argues that his conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure. Specifically, Petitioner complains of the search of his vehicle and home. On appeal, Petitioner directly challenged the same searches on the same grounds. The Tenth Circuit held that the search of Petitioner's car and home were

---

[3]Petitioner's claims are found in both Petitioner's Motion as well as an attachment. Several of Petitioner's claims are repeated in both the Motion and the attachment.

[4]*United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978) (internal citations omitted). *See also United States v. Prichard*, 975 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

3

constitutional.⁵ As Petitioner raised the issue of the legality of the searches on direct appeal, they may not be considered in this proceeding unless there has been an intervening change in the law of the circuit. Petitioner has cited no change in the law concerning his claim. Therefore, the Court finds it to be procedurally barred.

    2.    *Claims That Could Have Been Raised on Direct Appeal*

The Supreme Court has ruled that because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."⁶ Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.⁷ Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."⁸

The vast majority of the issues presented in the instant § 2255 Motion could have been, but were not, raised on direct appeal. Petitioner did not raise the following claims on appeal: (1) his conviction was obtained by a jury that was unconstitutionally selected and impaneled; (2) evidence his attorney submitted about his ex-girlfriend was not used; (3) possession of a firearm

---

⁵*Cordova*, 340 Fed. Appx. at 432-33

⁶*United States v. Frady*, 456 U.S. 152, 165 (1982).

⁷*United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

⁸*United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68.

and ammunition constitutes a single offense; (4) an ATF agent lied at trial; (5) the prosecutor called Petitioner a liar at trial; (6) the sentencing guidelines were improper; and (7) the Indictment was based on hearsay.

As these claims were not raised on appeal, they are procedurally barred and can only be considered if Petitioner can establish cause and prejudice or a fundamental miscarriage of justice. Petitioner has made no showing of cause or prejudice or a fundamental miscarriage of justice to excuse his failure to raise these claims previously. Therefore, the Court finds that they are barred.

B.   INEFFECTIVE ASSISTANCE

Petitioner has set out two claims that can be construed as claims for ineffective assistance of counsel. First, Petitioner claims that his counsel coerced him into signing a joint statement that he knew where the rifles were manufactured, presumably concerning the interstate commerce element of the crime of conviction. Second, Petitioner complains that the case law used by his counsel did not help his case and that counsel did not use the case law Petitioner provided.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[9]

---

[9] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 690 (1984)).

To successfully claim ineffective assistance then, Petitioner must show two things. First, he must show that Counsel functioned deficiently.[10] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[11] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[12] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair [proceeding], . . . whose result is reliable."[13] Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[14]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[15] In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[16] Finally, there is "a strong presumption that counsel

---

[10] *Strickland*, 466 U.S. at 687.

[11] *Id*.

[12] *Id*.

[13] *Id*.

[14] *Id*.

[15] *Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[16] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[17]

As to the first prong, the Court finds that counsel's performance did not fall below an objective standard of reasonableness. It is common for the parties in firearms cases to stipulate to the element of interstate commerce and it is a relatively easy element for the government to prove. The Court cannot find counsel deficient for entering into a stipulation concerning that element here. As to the failure to provide helpful case law, the government represents that Petitioner's counsel cited over 30 cases in her 33-page appellate brief. Petitioner has provided no specific cases that he provided to his counsel that she did not cite in her brief. Therefore, the Court cannot find that counsel's performance was deficient on this ground.

Even if the Court were to assume that counsel's performance fell below an objective standard of reasonableness, Petitioner has not shown prejudice. The government could have easily provided evidence to meet its burden concerning the element of interstate commerce if no stipulation was entered into. Further, Petitioner has not provided anything to suggest that the failure to use any case law suggested by him would have resulted in a different outcome on appeal. For these reasons, the Court must reject Petitioner's ineffective assistance of counsel arguments.

---

[17] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

## III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:10-CV-671 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.

The Clerk of Court is directed to close Case No. 2:10-CV-671 TS forthwith.

SO ORDERED.

DATED   December 13, 2010.

BY THE COURT:

_____
TED STEWART
United States District Judge